CHARLES A. COPPINGER et al., appellants,

*v.*

HERBERT CLARK GILSON et al., respondents.

[Argued November 27th, 1912.  Decided March 5th, 1913.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, who filed the following opinion:

After hearing Mr. Duffy, Mr. Lane, Mr. Hartshorne and Mr. Gilson, I see no reason to change my mind, and I will adhere to my previous ruling.

It seems to me that in the uncertain event of Mr. Duffy's client being able to recover, it is not equitable of him to ask this, without assuring the court by a proper bond that if he does go on with this suit the creditors will be no worse off than they are now. This will give him an opportunity to test out the question which he thinks exists in his favor to recover as much money as he thinks the defendants are responsible for, and it does not enable him to do that with somebody else's money.

If you will give a bond which will assure this court that the present offer of $10,000 or thereabouts, will be paid, in any event, with interest up to the time that you get through litigating, then I will let you go on. If you won't give such a bond, then I will grant the order asked. Are you willing to give a bond which will indemnify the court against loss?

Broadly speaking, the condition of the bond must be that in the event of the litigation which is to be carried on by Mr. Duffy in behalf of his clients, is not to bring any cash into the hands of the receiver, at least the sum of the present settlement, with interest to the date of the final determination of that suit, then the obligor will pay any difference between what may be recovered in that suit and the ten thousand and odd dollars, which under the present settlement would be paid to the receiver;

otherwise the obligation would be void. Will you accept such a bond as that?

The bond must be framed and presented to Mr. Duffy within twenty-four hours, if possible; and Mr. Duffy may have one week after that bond has been presented to him to have it executed and lodged with counsel for the solicitor. If at the end of one week from the time that Mr. Duffy has received the bond he has not returned it duly executed, then the receiver may ask an order accepting this settlement. If, on the other hand, Mr. Duffy has presented such bond, then notice should be served on everybody. Serve the bond on Mr. Duffy and take exact memorandum of the time. He is to have exactly seven days to execute that bond.

*Mr. Joseph A. Duffy,* for the appellants.

*Mr. Herbert Clark Gilson,* for the respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Garrison.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY—11.

*For reversal*—None.